IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00448-BO

JUSTIN BLAKE MARTIN,        )
                           )
        Plaintiff,          )
                           )
v.                          )        O R D E R
                           )
AXIS INSURANCE COMPANY,     )
                           )
        Defendant.          )

This matter is before the Court on Plaintiff Justin Martin's Motion to Extend Time to File

a Reply [DE 9] and Defendant Axis Insurance Company's Motion for Entry of Default [DE 13].

The two motions are linked. Several weeks after Axis Insurance removed this case to the

Eastern District, it filed its answer and a counterclaim against Martin. [DE 6]. Martin missed the

deadline to answer or respond. Why is not entirely clear: counsel for Martin represents that he did

not receive a notice of electronic filing due to an issue with his credentials; even so, counsel

became aware of those filing so as to file a timely motion for an extension. For reasons

unexplained, counsel waited until after deadline to do so. While that motion was pending, Axis

Insurance moved for entry of default on its counterclaim. [DE 13].

The Court will begin with that motion. Under Local Civil Rule 55.1(a)(1), a motion for

entry of default must be "supported by an affidavit that describes with specific how each allegedly

defaulting party was served with process in a manner authorized by Fed. R. Civ. P. 4 and provides

the date of such service." Lacking an affidavit, Axis Insurance's Motion for Entry of Default is

not complaint with Rule 55.1(a)(1). What's more, entry of default here would be contrary to Fourth

Circuit policy, which strongly prefers that claims and defenses be decided on their merits. *See, e.g., Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010). In light of this policy and the deficiency discussed above, the motion for entry of default is denied.

Martin's Motion to Extend the Time to File a Reply is next. Martin moved to extend the deadline that had already passed. When a movant seeks an extension of a deadline already passed, the movant must demonstrate that the failure to meet that deadline was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is excusable is, at bottom, an equitable determination that factors in all the relevant circumstances surrounding the missed deadline. *Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395. Those relevant circumstances include: (1) the danger of prejudice to the non-movant, (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

Here, Martin represents that the failure of his counsel to receive notice of the answer and counterclaim and the inadvertence of counsel. "Although inadvertence, ignorance of the rules, or mistake construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 291 (internal quotations omitted). Considering the reasons for the delay and the equities, the Court concludes that Martin's failure to meet the filing deadline to respond to the counterclaim was excusable neglect. There is little prejudice to Axis in having Martin respond to its counterclaim; the delay will be slight given the deadline set forth below and the proceedings are in a rudimentary stage; furthermore, there is no indication that Martin acted in bad faith or to secure a tactical advantage.

The Court would be remiss, however, were it to grant the Motion to Extend without comment on the reasons for the delay. Section III of the Policy Manual places the burden on the CM/ECF account user to maintain his or her account, including e-mail address updates to ensure accurate delivery of NEFs. Counsel is reminded of his obligations under the Policy Manual. A motion for an extension following a missed deadline at a more critical juncture of the proceedings—that is, where the merits are at issue—will not be viewed with favor.

For these reasons, the Court ORDERS as Follows:

- Axis Insurance's Motion for Entry of Default [DE 13] is DENIED;

- Martin's Motion to Extend Time to File a Reply [DE 9] is GRANTED; Martin shall have by and through 21 May 2024 to answer or otherwise respond to Axis Insurance's counterclaim.

SO ORDERED, this __14__ day of May 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3