IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-448-BO-BM

JUSTIN BLAKE MARTIN,                    )
                    Plaintiff,          )
                                        )
v.                                      )        O R D E R
                                        )
AXIS INSURANCE COMPANY dba              )
SKI SAFE,                               )
                    Defendant.          )

This cause comes before the Court on defendant's motion for judgment on the pleadings

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. [DE 33]. Plaintiff has responded,

defendant has replied, and the motion is ripe for disposition.

## BACKGROUND

This breach of insurance contract action was filed by plaintiff in Harnett County, North

Carolina Superior Court. [DE 1-1]. Plaintiff, Martin, alleges that he is the owner of a Suzuki 175

horsepower outboard motor and a Minn Kota I Polite 80 Trolling Motor, both of which were

mounted on plaintiff's 2022 Key West 210 Bay Reef boat and insured by a policy issued by

defendant, Axis, specifically Policy Number S37334402 (Policy). Martin alleges that in August

2023, both the outboard motor and the trolling motor were stolen off his boat. Martin reported the

theft to the Harnett County Sheriff's Office and timely reported the loss to Axis. Martin has made

a demand to Axis for payment on the Policy and Axis as refused. Martin further alleges that, in

addition to not paying the claim, Axis cancelled Martin's policy and reported the sarne to the entity

which was financing the boat and the motors without notice. As a result, the finance company

placed additional insurance on the boat. Martin's complaint alleges claims for breach of contract,

unfair and deceptive trade practices under Chapter 75 of the North Carolina General Statutes, and common law bad faith. [DE 1-1].

Axis removed Martin's complaint to this Court pursuant to its diversity jurisdiction. [DE 1]. Axis answered and filed a counterclaim against Martin. [DE 6]. In its counterclaim, Axis alleges that Martin telephoned SkiSafe to obtain insurance coverage for the boat in June 2022. During that phone call, Martin was asked whether within the last several years he had received any automobile tickets, been in any accidents, or been charged with driving under the influence. Martin answered, "No." Axis relied on Martin's representations regarding his driving record to quote and then bind coverage to Martin for the boat under the terms set forth in the Policy. After Martin notified SkiSafe of the theft of the motors, Axis began to investigate the claim. Axis obtained Martin's North Carolina driving record and criminal record arising out of Lee County, North Carolina. The records reveal that Martin was issued multiple traffic tickets, was in automobile accidents, and was charged with reckless driving within the last several years. Axis then declined coverage for Martin's claim and voided the Policy from the date of its inception. Axis returned all paid-in premiums based upon the Policy's exclusion for concealment, misrepresentation, or fraud. Axis seeks a declaratory judgment that it did not breach the Policy because the Policy was void *ab initio*.

Martin answered the counterclaim, [DE 20], and requested an extension of the mediation deadline due to Martin's incarceration. [DE 27]. Axis thereafter filed the instant motion for judgment on the pleadings and moved to stay all deadlines in the case. [DE 35]. Martin's counsel moved to withdraw, and while that motion was pending filed an opposition to the motion for judgment on the pleadings. [DE 37]. Counsel for Martin was permitted to withdraw, and Martin was ordered to file a notice of self-representation or cause new counsel to appear. Martin has failed to do so within the time provided.

2

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). A court may consider matters within the public record as well as those attached to a complaint or answer without converting the motion to one for summary judgment, so long as the documents are integral to the complaint and their authenticity is not in dispute. *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014). However, where a court considers other evidence outside of the pleadings, it must notify the parties of its intent to convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d).

In its counterclaim, Axis alleges that plaintiff was asked during the telephone application process on June 24, 2022, whether he had a record of any automobile tickets, accidents, or driving under the influence incidents. [DE 6 at 12, ¶ 5]. In his answer to the counterclaim, Martin admits that a telephone conversation took place on that date but denies the remainder of the allegation. [DE 10 ¶ 2]. Axis has attached a certified transcript of the telephone call to its reply in support of its motion for judgment on the pleadings. [DE 40-1]. As is reflected in the transcript, Martin was asked about his driving record during the policy application phone call on June 24, 2022, and Martin denied having any incidents on his driving record from the last several years. Martin's

3

statement is directly contradicted by his driving record. *See* [DE 6-11; DE 6-12; DE 6-13; DE 6-14].

The transcript of the telephone call is evidence which is not properly considered under Rule 12(c), and the Court must therefore convert the motion to one for summary judgment if it intends to consider it. *See Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). If a court elects to convert a motion to one for summary judgment, the parties must be given a reasonable opportunity to present any materials relevant to the motion. Fed. R. Civ. P. 12(d). The parties, in particular Martin, will therefore be permitted an opportunity to respond prior to the conversion of the Rule 12(c) motion to one for summary judgment. Additionally, Axis has not moved for judgment in its favor on its declaratory judgment counterclaim. The Court now provides notice that it will consider entry of judgment in Axis's favor on its counterclaim, such that if Axis's motion is granted, no claims remain for resolution. *See* Fed. R. Civ. P. 56(f); *UBA, LLC v. Thyssenkrupp Elevator Corp.*, No. 5:15-CV-477-FL, 2017 WL 875828, at *2 (E.D.N.C. Mar. 3, 2017) (citation omitted) ("Where a court gives notice that it is considering entering *sua sponte* summary judgment, the responding party must appreciate its status as 'target' of the court's inquiry, and possess that motivation when preparing a response.").

## CONCLUSION

Accordingly, notice is hereby given that the Court is considering converting the Rule 12(c) motion to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to plaintiff's claims. The Court is further considering entry of summary judgment on defendant's counterclaim on its own motion. Because plaintiff now proceeds *pro se*, the Clerk is DIRECTED to provide *Roseboro* notice to plaintiff with service of this order. Plaintiff's response shall be filed not later than June 9, 2025. Axis is afforded ten (10) days from the filing of any

4

response by Martin to file a reply. Should Martin fail to respond, the Court will also consider whether dismissal with prejudice for failure to prosecute is appropriate.

SO ORDERED, this **13** day of May 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 5:23-cv-00448-BO-BM    Document 43    Filed 05/13/25    Page 5 of 5