IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-448-BO-BM

JUSTIN BLAKE MARTIN,               )
                    Plaintiff,     )
                                   )
        v.                         )          O R D E R
                                   )
AXIS INSURANCE COMPANY dba         )
SKI SAFE,                          )
                    Defendant.     )

This cause comes before the Court on defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the motion is ripe for disposition. Additionally, by order entered May 13, 2025, the Court notified the parties of its intent to rely on evidence outside the pleadings and provided the now *pro se* plaintiff with an opportunity to respond pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Plaintiff has failed to respond within the time provided. In this posture, the motion is ripe for disposition.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein the procedural and factual background of this action as recited in its May 13, 2025, order.

## DISCUSSION

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th

Cir. 2012). "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). A court may consider matters within the public record as well as those attached to a complaint or answer without converting the motion to one for summary judgment, so long as the documents are integral to the complaint and their authenticity is not in dispute. *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014).

The Court will rely on the certified transcript of the telephone call submitted by Axis, and thus, to the extent that plaintiff has disputed the authenticity of the transcript, must determine whether entry of summary judgment is appropriate. A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and

citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

In its counterclaim, Axis seeks a declaratory judgment that, because plaintiff concealed and misrepresented facts relating to his driving record and criminal background during the application process, the Policy was void *ab initio*. Axis relies on the General Limitations and Exclusions of the Policy, which include:

> **5. CONCEALMENT, MISREPRESENTATION OR FRAUD:** All coverage provided by us will be void from the beginning of the policy period if you concealed or misrepresented any fact or circumstance relating to this contract of insurance, or the application for such insurance, whether before or after a loss.

[DE 1-4] at 10.

During his application telephone call, plaintiff was asked whether he had a driving record, specifically any tickets, accidents, or driving under the influence charges. [DE 40-1] at 6; *see also* [DE 40-2]. Plaintiff responded "no." *Id.* at 7. Plaintiff's response is directly contradicted by his driving record and criminal history, which contains multiple traffic tickets and multiple accidents in the five years prior to his application for insurance. [DE 6-11] – [DE 6-14]. Plaintiff has not proffered any evidence which would create a genuine issue of fact as to whether he had a driving record, that he concealed or denied having a driving record, or that his driving record was related to the contract of insurance. The Policy's exclusion, cited above, is therefore applicable.

Even if the Policy's exclusion did not apply, Axis would not be bound by the Policy based on plaintiff's misrepresentation of his driving record.

> Under North Carolina law, an insurer is not bound by an insurance policy if the insured made material misrepresentations in the application for that policy. N.C. Gen.Stat. § 58–3–10; *N. Nat'l Life Ins. Co. v. Lacy J. Miller Mach. Co., Inc.*, 311 N.C. 62, 70–71, 316 S.E.2d 256, 262 (1984). A misrepresentation is material if "the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the premium." *Goodwin v. Investors Life Ins. Co. of N. Am.*, 332

N.C. 326, 331, 419 S.E.2d 766, 769 (1992) (internal quotation marks omitted). As long as the representation in question is both material and false, "'it is not necessary for avoidance of the policy that the misrepresentation be intentional.'"

*Evanston Ins. Co. v. G & T Fabricators, Inc.*, 740 F. Supp. 2d 731, 736 (E.D.N.C. 2010). Additionally, "[u]nder North Carolina Law, an insurer is under no duty, legal or equitable, to question the truth of the applicant's statements or, absent facts sufficient to put it on inquiry, to conduct an investigation to determine the truth or falsity thereof." *Id.* at 737 (internal quotation and citation omitted).

On this record, it is undisputed that plaintiff's misrepresentation or concealment of his driving record was material. *See* [DE 6-2]. It is further undisputed that the misrepresentation, i.e. the lack of a driving record or accidents, was false. Accordingly, it is immaterial whether plaintiff, as he has argued, intended to conceal or misrepresent any facts during the application process, or that Axis did not investigate his driving record after plaintiff denied having one.

In light of the foregoing, Axis is entitled to summary judgment on its counterclaim that the Policy was void *ab initio* pursuant to the Policy exclusion and that Axis did not, therefore, breach the Policy when it declined to provide coverage. Axis is also not bound by the Policy under North Carolina law because of plaintiff's material misrepresentation. Accordingly, Axis is further entitled to summary judgment in its favor on plaintiff's claim for breach of the insurance contract.

Axis is also entitled to summary judgment in its favor on plaintiff's common law bad faith and unfair and deceptive trade practices claims. As the Policy Exclusion applies, and the contract is void *ab initio*, there is no valid contract and the remaining two claims are not cognizable. *See Johnson v. Household Life Ins. Co.*, No. 5:11-CV-301-BR, 2012 WL 5336959, at *8 (E.D.N.C. Oct. 26, 2012) (where insurer entitled to rescind policy there is no unfair claim settlement practice);

4

*Ballard v. State Farm Fire & Cas. Co.*, 714 F. Supp. 3d 630, 644 (E.D.N.C. 2024) (common law bad faith claim requires refusal to pay a valid claim).

Alternatively, Axis is entitled to dismissal of plaintiff's claims with prejudice for failure to prosecute. Fed. R. Civ. P. 41(b). On April 14, 2025, the Court permitted counsel for plaintiff to withdraw. [DE 14]. Plaintiff was ordered to either file a notice of self-representation or cause new counsel to appear. Plaintiff failed to do either. Recently, mail to plaintiff has been returned as undeliverable. [DE 45]; [DE 46]. Plaintiff has failed to update the Court with his current address, in violation of Local Civil Rule 83.3. Plaintiff has failed to participate in this action since his attorney withdrew. Accordingly, dismissal with prejudice for failure to prosecute is appropriate.

<u>CONCLUSION</u>

For the foregoing reasons, defendant's motion for judgment on the pleadings [DE 33], construed herein as a motion for summary judgment, is GRANTED. Defendant is entitled to judgment in its favor on plaintiff's claims and defendant's counterclaim. In the alternative, plaintiff's claims are DISMISSED with prejudice for failure to prosecute.

The motion to extend the mediation deadline [DE 27] and motion to stay [DE 35] are DENIED AS MOOT. Defendant's motion for extension of time to file a reply [DE 39] is GRANTED.

The clerk is DIRECTED to enter judgment and close the case.


SO ORDERED, this **30** day of June 2025.


*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE